THE STATE vs. WILLIAM MARLEY.

First Judicial District, Hartford, October Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The agent appointed by the selectmen of a no-license town to sell spirituous and intoxicating liquors for sacramental, medicinal, chemical, and mechanical uses only, may delegate his authority to a subagent, who, in the absence of the former, may make such sales as the town agent himself could lawfully have made had he been present. Such delegation of authority is not forbidden by the statutes relating to the subject (General Statutes, §§ 2722–2728), and is necessary to carry out the purposes therein contemplated.

Argued October 3d—decided November 7th, 1905.

INFORMATION for selling intoxicating liquor without a license, brought to the Superior Court in Litchfield County and tried to the jury before *Thayer, J.;* verdict and judgment of guilty, and appeal by the accused. *Error and new trial granted.*

*Leonard J. Nickerson* and *James P. Woodruff,* with whom was *Elbert P. Roberts,* for the appellant (the accused).

*Donald T. Warner* and *Frederic M. Williams,* for the appellee (the State).

TORRANCE, C. J. Upon the trial below the evidence for the State tended to prove that the defendant, a clerk in

The State *v.* Marley.

Crutch's drug store in Litchfield, at said store, upon two different days in September, 1904, had sold whiskey to one Burke to be used as a beverage, without a license so to do. The defendant having testified in his defense that he was a licensed pharmacist, and since 1896 had been employed as such in said store as chief clerk, offered to prove the following facts: that during the month of September, 1904, Litchfield was a no-license town; that Crutch was its duly qualified town agent for the sale of intoxicating liquors; that said drug store was the place designated for the sale of such liquors; that the sales charged in the information were made by the defendant in the absence of the agent, under a general authority from him to make, in the absence of the agent, such sales as the agent could himself make if present; that the sales in question were made upon the statement of the purchaser that the liquor sold was to be used for medicinal purposes only; that such sales were immediately entered upon the town agent's books as sales for medicinal purposes; and that the defendant in making said sales acted in good faith and in the belief that he had the right to make them as the clerk and servant of the town agent.

The court ruled that the town agent could not delegate to any one else his authority to make sales of spirituous and intoxicating liquors at said store, and for this reason excluded the offered evidence.

Whether the court erred in so ruling depends upon the construction of the statutes relating to town agents of the kind here in question. These statutes, found in §§ 2722 to 2726 of the General Statutes, in substance provide as follows: In a no-license town of not more than five thousand inhabitants, its selectmen shall appoint a suitable person as the agent of the town for the purchase and sale of spirituous and intoxicating liquors, for certain specified uses only; such agent is to hold office for one year, is to give bond for the faithful discharge of his duties, and is removable at the pleasure of the selectmen; he can sell liquors only at a place designated by the selectmen, for the uses specified only, and at not more than a specified percentage above the

cost price; the net profit of all his sales is to be paid over to the town; he is to receive for his services a fixed compensation, not to be increased or diminished by any increase or diminution of his sales; he is to keep an accurate account of all his sales, specifying the kind, quality and price of the liquors sold, the name and residence of the purchaser, and the use for which the liquor was sold as stated by the purchaser; this account is to be open at all times to the inspection of the selectmen and certain other designated officials; and the purchaser is made liable to fine and imprisonment for intentionally making to the agent any false representations "regarding the use to which such liquors are intended to be applied."

This legislation in regard to towns that have voted for no license appears to have a two-fold object in view: (1) to provide an agency in such towns for the sale of liquor for certain harmless uses; (2) to prevent at such agency the sale of liquors for any harmful uses inconsistent with the vote of the town in favor of no license. To accomplish the first object the town is bound to provide a place where all those in want of liquors for the specified harmless uses can freely buy them at all reasonable times, subject only to such limitations and restrictions as are imposed by law. These provisions clearly evince, on the part of the legislature, not only an intent that an agency for the sale of liquors for the uses specified shall be established and maintained, but also that such agency shall be open and available at all reasonable times to those who in good faith desire to purchase liquors for such uses. Now the town agent cannot be expected to be personally present at the agency at all times when it should be open; and to hold that he cannot authorize a suitable person to make sales for him, in his necessary absence on account of sickness or other reasonable cause, is to defeat in a measure the legislative intent, and put those entitled to purchase at the agency to inconvenience and perhaps loss. The object in establishing such an agency cannot be fully attained except by holding that the agent may make such an appointment. It may be conceded, as claimed

The State *v.* Marley.

by the State, that the performance of the agent's duty to sell involves to some degree the exercise of discretion; and that as a general rule such a delegated power cannot be re-delegated; but there is a well recognized exception to this general rule in cases where the appointment of a subagent is necessary in order to fully carry out the purposes for which the agent was appointed. Evans on Agency (2 Eng. Ed.) Chap. VI, pp. 53–55. The case at bar is we think a case of that kind. The authority of the agent is always construed to include all the necessary and usual means of executing the duties of the agency properly. 1 Amer. & Eng. Ency. of Law (2d Ed.), pp. 979, 980, and cases there cited. "It embraces the appropriate means to accomplish the desired end." *Benjamin* v. *Benjamin*, 15 Conn. 347, 356; Evans on Agency, *supra*, p. 54. As the statutes in question neither in express terms nor by necessary implication deny to the agent the power to appoint suitable subagents necessary to aid him in carrying on his agency, we think this case falls within the exception to the general rule above mentioned.

It is claimed that such a power is liable to abuse, and that perhaps is true; but the temptations to abuse it are not very great. Moreover, if abused by any agent, an effectual and speedy remedy is given in the power of the selectmen to remove such agent at pleasure.

For these reasons we think the court below erred in not permitting the defendant to avail himself, if he could, of the facts which he offered to prove.

There is error and a new trial is granted.

In this opinion the other judges concurred.